**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LAURA ARZUMANYAN,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 05-73808

Agency No. A096-353-083

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 3, 2010
Pasadena, California

Before: NOONAN, CLIFTON and BYBEE, Circuit Judges.

Laura Arzumanyan ("Arzumanyan"), a native and citizen of Armenia,

petitions for review of the denial of her application for asylum, withholding, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

under 8 U.S.C. § 1252. The Board of Immigration Appeals ("BIA") used its

summary affirmance procedure, so we review the decision of the Immigration

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Judge ("IJ"). *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). We review the adverse credibility determination for substantial evidence, *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009), and apply pre-REAL ID Act standards, because Arzumanyan's asylum application was filed prior to the Act's effective date, *see Sinha v. Holder*, 564 F.3d 1015, 1021 n.3 (9th Cir. 2009). We grant the petition for review and remand.

The IJ cited numerous grounds for finding Arzumanyan incredible, none of which supports an adverse credibility determination. *See Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir. 2004) ("[W]hen each of the IJ's or BIA's proffered reasons for an adverse credibility finding fails, we must accept a petitioner's testimony as credible.").

First, the IJ's conclusion that Arzumanyan was "unable to articulate a political opinion" for which she was beaten relies on flawed reasoning. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002). To the extent the IJ's conclusion relates to the asylum statute's nexus requirement, it does not matter what Arzumanyan's actual opinions were, because it is clear from the record that the government actors who beat Arzumanyan perceived her as having views in opposition to the government's policies. *See, e.g.*, *Agbuya v. INS*, 241 F.3d 1224, 1229 (9th Cir. 2001) ("[O]ur analysis focuses on how the persecutor perceived the applicant's

2

actions and allegiances, and what motivated their abuse."). To the extent the IJ's conclusion relates to the credibility of Arzumanyan's testimony that she was involved in politics, Arzumanyan testified consistently as to the general goals of the Young Armenian Businessmen Support Center ("YABSC") and the demonstrations she attended, and she also described her opposition to the government's actions with respect to the children's library. The IJ's conclusion that Arzumanyan's involvement in the YABSC is inconsistent with her support of the library is based on speculation. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir. 2000).

Second, the IJ's conclusion that Arzumanyan was not credible because she used the pronoun "we" instead of "I" misconstrues the record. Arzumanyan's use of the plural pronoun to refer to her activities with others is not a "cogent reason for any stated disbelief." *Gui*, 280 F.3d at 1225. In addition, Arzumanyan did not repeatedly change her story regarding what she did herself and with others. For example, contrary to what the IJ noted, Arzumanyan never testified that the library's director went with her to make initial complaints to political parties. *See Paramasamy v. Ashcroft*, 295 F.3d 1047, 1052 (9th Cir. 2002) (rejecting the BIA's reliance on "perceived inconsistencies not based on the evidence").

Third, the inconsistency between Arzumanyan's asylum application and testimony regarding the number of times Arzumanyan was beaten while in detention cannot support the adverse credibility determination. Arzumanyan's testimony was not an attempt to enhance her claim of persecution, *see Singh v. Ashcroft*, 362 F.3d 1164, 1171 (9th Cir. 2004), and the inconsistency was not accompanied by "other indications of dishonesty – such as a pattern of clear and pervasive inconsistency or contradiction," *Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005).

The remaining grounds for the adverse credibility determination also fail. The IJ never gave Arzumanyan an opportunity to explain the perceived inconsistency between her testimony that she was outspoken regarding her views and that she wrote articles under an assumed name. *See, e.g.*, *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007). The IJ's speculation that Arzumanyan should have been fired from her job has no basis in the record. *Li v. Holder*, 559 F.3d 1096, 1102 (9th Cir. 2009). The date of Arzumanyan's divorce does not go to the heart of the claim, but if it did, the IJ did not give Arzumanyan an adequate opportunity to explain the date on the divorce certificate. *See Soto-Olarte*, 555 F.3d at 1091.

4

The IJ also erred in relying on Arzumanyan's documents as a basis for the credibility determination and faulting Arzumanyan for failing to provide other corroborating evidence. While some of Arzumanyan's documents are not helpful to the merits of the claim, for example, an article Arzumanyan wrote after coming to the United States and her son's medical records, these documents do not bear on credibility. "[W]here the basis for an adverse credibility finding falls out, the lack of corroborating evidence cannot backstop the decision." *Cosa v. Mukasey*, 543 F.3d 1066, 1070-71 (9th Cir. 2008). In addition, the IJ's assumption that Arzumanyan should have provided certain other documents has no basis in the record. For example, the IJ faulted Arzumanyan for not providing medical documentation of a particular beating, but Arzumanyan testified that she did not seek medical attention after that beating. Finally, the IJ improperly drew an adverse inference from Arzumanyan's failure to call her daughter as a witness, because the IJ had no reason to question Arzumanyan's credibility. *See Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir. 2000).

Because the IJ's adverse credibility finding was not supported by substantial evidence, we GRANT the petition and REMAND to the BIA for further proceedings to determine whether, accepting Arzumanyan's testimony as credible,

5

she is eligible for asylum and/or withholding of removal.[1] *See, e.g., Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

**PETITION FOR REVIEW IS GRANTED AND REMANDED.**

---

[1]Arzumanyan failed to exhaust her CAT claim, so this court lacks jurisdiction to review it. *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004).